## STATE *v.* GEORGE SEPTON.

An act of the General Assembly will not be declared void, because, in passing it, the directions of another law were not conformed to.

THIS was a motion for a new trial of an indictment upon which the defendant was tried at the Court of Common Pleas, December term, 1854. The indictment charged that the defendant, at Johnston, on the 6th of October, 1854, and on divers days and times between said 6th of October and the 8th of November, 1854, was a common seller of strong liquors, contrary to law. At the trial, the defendants showed to the Court, that the act of the General Assembly, under which the indictment was found, (the "Act for the more effectual suppression of Drinking Houses and Tippling Shops") originated in the House of Representatives: that the bill, as passed by both Houses, appeared on the files of the Secretary's office as a printed bill, containing sundry interlineations: that sundry pieces of paper containing amendments were wafered to the original printed bill, as it passed the House of Representatives and were noted on a separate paper giving references to the printed bill: that in that condition the bill was returned to the House for concurrence: that the House then made sundry amendments to

the bill, which amendments were also noted on a paper giving references to the printed bill, and to the amendments made by the Senate: and that the act was in that condition when it was passed:—and therefore contended that the said act was not a law of the land and of binding force, because not passed in the mode provided in the " act prescribing the method of passing the acts of the General Assembly, and for recording and distributing the same, and for distributing the laws of the United States" (Dig. of 1844, p. 67) and requested the Court to instruct the jury accordingly. This request the Court refused, and in fact did instruct the jury that the act under which the indictment was found, was a law of the land and of binding force; that the seal and certificate of the Secretary of State was evidence of what was the law of the State, and that the Court could not inquire beyond it. The jury thus instructed, returned a verdict against the defendant, who filed exceptions which were allowed, and now moves for a new trial, on the ground of error in the instructions aforesaid.

*Pitman*, in support of the motion.

*Robinson, Attorney General*, for the State, citing an amendment of the aforesaid act, (P. L. p. 863) contra.

STAPLES, C. J.—The act referred to in these exceptions is directory of the proceedings of the General Assembly in passing laws. It has been in some form on the statute book for a great length of time, but has not met with general observance by the legislature. So little regard has in fact been paid to its provisions, that it is very doubtful if the Secretary could produce a fair copy of it

State *v.* George Septon.

from his files, although it was re-enacted in January, 1844. It is quite sufficient to establish the existence of a public law, to find it on the records of the State. If the Courts go behind that, and declare a law void because the General Assembly did not conform to the directions of another law in passing it, they may also be called to decide on the legality of the organization of the two Houses of Assembly, in the same incidental manner.

The exception must be overruled.